UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KIRTI A. MEHTA,<br><br>    Plaintiff,<br><br>v.<br><br>VICTORIA PARTNERS, *et al.*,<br><br>    Defendants. | Case No.: 2:21-cv-01493-CDS-VCF<br><br>**Order Denying Plaintiff's Motion for Preliminary Injunctive Relief; Motion for a Preliminary Injunction; Motion for Additional Relief as a Preliminary Injunction; Motion for a Hearing for before a District Court Judge; and Motion to Revoke or Suspend MGM (a motion for a nationwide temporary restraining order)**<br><br>[ECF Nos. 24; 29; 30; 36; 37; 38] |

Presently before this Court are Plaintiff Kirti A. Mehta's ("Mehta") Motion for Preliminary Injunctive Relief (ECF No. 24); Motion for Additional Relief as a Preliminary Injunction (ECF No. 29); Motion for a Hearing for before a District Court Judge (ECF No. 30); Motion to Revoke or Suspend MGM (ECF No. 36); and a Motion for a Preliminary Injunction (ECF No. 38).[1] Having reviewed the moving papers, the Court DENIES Plaintiff's motions for the reasons set forth in this Order.

### Relevant Facts

Mehta, proceeding *pro se*, has filed a series of motions requesting preliminary injunctive relief and temporary restraining orders against defendants for their casino operations. *See* ECF Nos. 24, 29, 36, 38.[2] Mehta also filed a Motion for Hearing Before District Judge. ECF No. 30.

---

[1]   The motion was initially filed at ECF No. 37. The corrected image, which is what the Court considered, is at ECF No. 38.

[2]   Mehta's Motion for Preliminary Injunctive Relief (ECF No. 24) and Motion for Additional Relief as a Preliminary Injunction (ECF No. 29) are duplicative in their stated claims as well as their requested

Mehta expresses various concerns with the way he was treated at an MGM property, alleging that he was overserved alcohol, cheated via unfair slot machines, discriminated against (in the form of not receiving complementary concert tickets) due to his national origin, and unfairly charged resort fees. ECF Nos. 24, 36. In Mehta's motions requesting a preliminary injunction, he seeks to enjoin MGM Resorts from serving complementary drinks, from providing guests with access to ATMs, and from operating under state gaming licenses. ECF No. 24, 36. In Mehta's motion requesting a temporary restraining order, he seeks to enjoin all casino operators nationwide from charging resort fees at their attached hotels. ECF No. 38.[3]

        In their timely filed opposition, Defendants assert that Mehta cannot meet the high burden required to obtain injunctive relief. *See generally* ECF No. 26.[4] They also argue that Mehta has a pattern of seeking injunctions that have no relationship to the present litigation, including his attempts to enjoin hotel operators from charging resort fees. ECF No. 41 at 2. Finally, Defendants contend that Mehta's requested injunctive relief is inappropriate as a matter of law because his damages are monetary in nature. ECF No. 41 at 3. Defendants' opposition advises that Mehta is not permitted to gamble at their properties any longer. ECF No. 26 at 2, 4, 11.

. . .

. . .

. . .

---

relief. His Motion for Preliminary Injunctive Relief (ECF No. 24) is the most expansive. This Court will only cite to ECF No. 24 in discussion regarding the requested preliminary injunction.

[3] This motion is titled *Motion to Revoke or Suspend MGM*. Having reviewed the motion, Mehta seeks relief in the form of a nationwide temporary restraining order ("TRO"). Therefore, this Court applies the TRO standard in considering this motion.

[4] Defendants' Responses reflect the duplicative nature of Mehta's Motions. Defendants' Response to Motion for Preliminary Injunction (ECF No. 26) contains the arguments reiterated in Defendants' Response to Plaintiff's Motion for Additional Relief (ECF No. 31) and in Defendants' Response to Plaintiff's Motion to Revoke or Suspend MGM (ECF No. 39). This Court will only cite to ECF No. 26 in discussion regarding the preliminary injunction.

### Legal Framework

This Court addresses Mehta's motions for injunctive relief (ECF Nos. 24) and for a temporary restraining order (ECF No. 36) (hereinafter collectively, "the Motions") through the preliminary injunction standard because the standard for issuing a temporary restraining order is substantially identical to the standard for a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977) (noting that the standard for issuing a TRO is the same as the standard for issuing a preliminary injunction); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is substantially identical for the injunction and the TRO, we do not address the TRO separately.").

"The purpose of a preliminary injunction…is to preserve the status quo and the rights of the parties until a final judgment issues in the cause." *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010). A preliminary injunction is "an extraordinary and drastic remedy. It should never be awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 690 (2008) (citation omitted). Because it is an extraordinary remedy, "[i]njunctive relief…will not be granted absent a showing of probable success on the merits and the possibility of irreparable injury should it not be granted." *Shelton v. Nat'l Collegiate Athletic Assoc.*, 539 F.2d 1197, 1199 (9th Cir. 1976). Like preliminary injunctions, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

In deciding motions requesting injunctive relief or temporary restraining orders, this court must consider: (1) likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter*, 555 U.S. at 20; Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions).

The Ninth Circuit also employs a slight variant of the *Winter* test called the "serious questions" test, which provides that "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Under the "serious questions" standard, this Court may weigh the preliminary injunction factors "on a sliding scale, such that where there are only 'serious questions going to the merits' – that is, less than a 'likelihood of success' on the merits – a preliminary injunction may still issue so long as 'the balance of hardships tips sharply in the plaintiff's favor' and the other two factors are satisfied. *Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018) (citations omitted). The party seeking the injunction must satisfy each element, although the "elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Cottrell*, 632 F.3d at 1131.

Finally, to obtain injunctive relief, the plaintiff must demonstrate that he is "under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent…fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1171 (9th Cir. 2011) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009)).

## Analysis

As a threshold matter, the Court has reviewed the relevant record and moving papers and finds Plaintiff's Motions suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b). Accordingly, Plaintiff's Motion for a Hearing Before a District Court Judge (ECF No. 30) is DENIED.

Mehta's pleadings, which I have liberally construed in resolving these motions[5], are insufficient to discharge the heavy burden required of the moving party in requesting extraordinary injunctive relief as requested in his Motions. While his pleadings cite to the *Winter* case (ECF No. 24 at 2-7), he has failed to demonstrate how the *Winter* factors entitle him to the relief his seeks. The Court addresses the *Winter* factors in turn.

> i.  *Likelihood of Success on the Merits*

Under the first *Winter* factor, a plaintiff seeking a TRO or preliminary injunction must generally show that he or she "is likely to succeed on the merits." *Winter*, 555 U.S. at 22. Here, plaintiff's complaint alleges multiple causes of action: (1) negligence; (2) "willful & wanton misconduct"; (3) civil rights violation; (4) equal protection violation; (5) retaliation; and (6) emotional stress and distress. *See generally* ECF No. 3. As noted in the defendants' response to the Motions, Mehta signed a release that seemingly moots his cause of actions alleging negligence. *See* General Release Agreement, ECF No. 26, Ex. 1 at 16-19 (Signed by Mehta and releasing the MGM Parties "from any and all claims, demands, debts, liabilities, damages, causes of action of whatever kind or nature, whether known or unknown"). Further, Defendants contend that aforementioned release aside, Mehta will be barred from the recovering the relief he seeks based on the economic loss doctrine. ECF No. 26 at 9. Without deciding that issue on the merits, this Court agrees that application of that doctrine would prevent Mehta from recovering purely economic losses. *See Calloway v. City of Reno*, 116 Nev. 250, 261 (2000) (discussing that the economic loss doctrine precludes recovery for strictly economic losses in tort).

The remaining of Mehta's causes of action appear unlikely to succeed on the merits. Two of the remaining causes of action pray for relief based on alleged civil rights and constitutional

---

[5] A pro se litigant's documents should be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

5

violations. But the United States Constitution protects individual rights only from government action, not from *private* action. *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 746 (9th Cir. 2003). Only when the government is responsible for a plaintiff's complaints are individual constitutional rights implicated. *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). So, Defendants cannot violate the plaintiffs' Fourteenth Amendment substantive due process or equal protection rights unless the government is somehow involved for the activities set forth in Mehta's complaint. Likewise, Mehta cannot allege a civil rights action against a private entity unless there is a law that prescribes private action or Mehta can demonstrate that MGM was acting under the color of law[6]; there is no evidence of that before the court. Mehta's final remaining claim, "retaliation," also fails because it is alleged against an entity that has not yet been served, and per defendants' response, does not exist.

       ii.       *Mehta Has Not Established a Likelihood of Irreparable Harm*

Mehta cannot demonstrate that injunctive relief will prevent him from suffering some likely irreparable harm. "[M]onetary injury is not normally considered irreparable." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). Almost all of Mehta's complained-of behavior is specifically fiscal in nature, including the charging of resort fees, cash withdrawals from ATMs that may be then spent at the casino, and overserving of alcohol which may cause patrons to gamble more money than they had planned. All such actions, if truly a basis for liability, can be redressed via monetary damages. The possibility of "adequate compensatory or other corrective relief [] available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). At this juncture, Mehta may pursue compensatory relief on the merits of his

---

[6]    *See, e.g., Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (private entities are generally not liable under Section 1983 because they do not act under color of state law).

lawsuit. Consequently, Mehta's claims are insufficient to establish irreparable harm.

           iii.        *The Balance of Hardships Favors Defendants*

A balance of the equities in this case weighs in favor of the defendants and against Mehta. This Court must "balance the interests of all parties and weigh the damage to each" in determining the balance of the equities. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009). The damage to defendants would be substantial, likely significantly detrimental to defendants' business, if Mehta is awarded the injunctive relief he requests. Because Mehta has already been excluded from MGM properties (ECF No. 26 at 2), the potential damage(s) to Mehta will not change regardless of whether an injunction issues. Consequently, there is little need for this Court to preserve the status quo via injunctive relief.

Mehta has requested injunctive relief affecting a variety of casino operations: he asks this Court to revoke gaming licenses held by defendants' casinos, to limit defendants from serving free drinks, to deny defendants from offering free play bonuses to gamblers, to limit cash withdrawals at defendants' properties, and to enjoin all casino operators in the United States from charging resorts fees at their hotels. *See generally* ECF Nos. 24, 36, 38. Plaintiff's motions fail to demonstrate how this extreme remedy is no greater than necessary. On the other hand, the impact of suspension of gaming licenses is immeasurable, not only in this District but to gaming establishments across the county. Further, other courts have held that an injunction interfering with a defendant corporation's ability to make routine decisions regarding the operation of their business may tip the balance of equities in the defendants' favor. *See, e.g., Kitazato v. Black Diamond Hosp. Invs.*, 655 F. Supp. 2d 1139, 1149 (D. Haw. 2009) ("[An injunction] would prevent the [Defendants] from making everyday decisions that affect [business operations]. Given the length of litigation in most cases, Defendants prospective potential delay is not insignificant."). This Court agrees with and applies this sound reasoning.

        iv.        *An Injunction is Not in the Public Interest*

Mehta has failed to demonstrate how his requested injunction would serve the public interest. "The public interest analysis for the issuance of a preliminary injunction requires [the court] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Cottrell*, 632 F.3d at 1138. The public interest inquiry primarily addresses impact on "non-parties rather than parties. It embodies the Supreme Court's direction that in exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *CTIA – The Wireless Association v. City of Berkeley, California*, 928 F.3d 832 (9th Cir. 2019) (citations omitted). While there may be some general public interest served by prohibiting defendants (and other nationwide hotel operators) from charging resort fees, such an interest is purely pecuniary and certainly would not rise to the type of "critical public interest" described by this Circuit's precedent. Plaintiff has failed to demonstrate that the public interest would be served by an injunction in the present case.

## Conclusion

For the reasons set forth above,

IT IS THEREFORE ORDERED that Mehta's Motion for Preliminary Injunctive Relief (ECF No. 24) is DENIED.

IT IS FURTHER ORDERED that Mehta's Motion for Additional Relief as a Preliminary Injunction (ECF No. 29) is DENIED.

IT IS FURTHER ORDERED that Mehta's Motion for Hearing Before District Judge (ECF No. 30) is DENIED.

IT IS FURTHER ORDERED that Mehta's Motion to Revoke or Suspend MGM (ECF No. 36) is DENIED.

IT IS FURTHER ORDERED that Mehta's Motion for Preliminary Injunction (ECF No. 37, corrected at ECF No. 38) is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of June 2022.

_____
Cristina D. Silva
United States District Judge