UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Case No.: 2:21-cv-01493-CDS-VCF

Kirti A. Mehta,

Plaintiff,                          **Order**

v.

Victoria Partners et al.,

Defendants.

Presently before this Court are motions brought by both parties, including Defendants'[1] Amended Motion to Dismiss (ECF No. 9).[2] Also before the Court are Plaintiff Kirti A. Mehta's Motion to Amend/Correct Complaint (ECF No. 45), Motion to Amend (ECF No. 47), Motion for Reconsideration (ECF No. 49) of the Court's denial of Mehta's previously filed motion for injunctive relief, Motion for Sanctions (ECF No. 53), and Motion for a Hearing (ECF No. 60). After careful consideration of the moving papers filed by the parties, I grant Defendants' motion to dismiss and deny Plaintiff's motions. However, I grant Plaintiff leave to amend his complaint pursuant to the instructions in this Order.

I.     **Relevant Procedural History**

In August of 2021, Mehta, proceeding *pro se*, filed a complaint against Defendants setting forth what this Court liberally construes[3] as allegations of negligence, discrimination,

---

[1] The Defendants are Park MGM, f/k/a Victoria Partners, LLC; Marina District Development Company, LLC, d/b/a Borgata; Beau Rivage Resorts, LLC d/b/a Beau Rivage; MGM Resorts Mississippi, LLC d/b/a Gold Strike Casino Resort; Mandalay Bay, LLC d/b/a Mandalay Bay; Ann Hoff; London Swinney; William J. Hornbuckle, IV; Joseph A. Corbo, Jr.; and Ryan Guadiz (to whom I hereinafter refer to collectively as "Defendants").

[2] This motion was initially filed at ECF No. 7. The Amended Motion was filed at ECF No. 9 and is the operative motion.

[3] *Pro se* pleadings are to be liberally construed. *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

misconduct/retaliation, and intentional infliction of emotional distress. *See generally* ECF No. 3. In sum, Plaintiff contends he is entitled to monetary damages for the way he was treated at the Park MGM, an MGM property, and alleges that he was overserved alcohol, cheated via unfair slot machines, discriminated against (in the form of not receiving complementary Bruno Mars concert tickets) due to his national origin, and unfairly charged resort fees. *Id.*

On October 13, 2021, Defendants filed an amended motion to dismiss the complaint. ECF No. 9. Plaintiff filed a timely response and a supplement to that response. ECF Nos. 11; 12. Defendants filed a reply. ECF No. 13. Plaintiff filed a surreply. ECF No. 14. I resolve the pending motion to dismiss herein.

In March and April of 2022, Mehta filed motions requesting preliminary injunctive relief and temporary restraining orders against various combinations of Defendants for their casino operations. ECF Nos. 24; 29; 36; 38. He sought to enjoin MGM Resorts from operating under state gaming licenses, serving complementary drinks, or providing guests with access to ATMs. ECF Nos. 24; 36. He also sought to enjoin all casino operators nationwide from charging resort fees at their attached hotels. ECF No. 38.

On April 13, 2022, this entire case was administratively reassigned to me. ECF No. 35. I denied Mehta's requests for injunctive relief via written order. ECF No. 44. Mehta filed a motion for reconsideration of that order, ECF No. 49, to which Defendants filed opposition. ECF No. 54.

Plaintiff also filed two motions to amend the complaint. ECF Nos. 45; 47. In his first motion to amend filed on June 21, 2022, Plaintiff represents that his first complaint cited to 28 U.S.C. § 1983 in error, and that it should be corrected to reflect in its place, violations of the Federal Civil Rights Act of 1964. ECF No. 45 at 2-3. Plaintiff did not attach a proposed first amended complaint to his filing. Mehta did attach a document from the American Gaming Association discussing regulations and statutes in various states across the country. ECF No.

2

45-2. Two days later, Plaintiff filed a second motion to amend the complaint, in which he asks this Court to amend the complaint to add new Defendants. *See generally* ECF No. 1-2. The proposed second amended complaint cites several federal, state, and local violations as causes of action. *See* ECF 47-1. Defendants responded to Plaintiff's motions to amend, asserting that I should deny the motions because (1) Mehta seeks the amendments in bad faith and (2) they were untimely filed with the purpose of avoiding a potential adverse ruling on Defendants' pending motion to dismiss. ECF No. 51 at 4-5. Defendants further argue that the proposed amendments are futile and would prejudice them. *Id.* at 5-6.

Mehta also filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. ECF No. 53. Defendants filed an opposition to that motion. ECF No. 57.

Finally, Mehta filed a motion for a hearing, requesting the opportunity to appear before the Court with respect to his motion for reconsideration, ECF No. 49, of this Court's denial of injunctive relief. *See generally* ECF No. 60. Mehta alleges that his wife, Yolanda, attempted to book a room at the Park MGM but a casino host cancelled the reservation and served the couple with notices of trespass. *Id.* at 2. Mehta attached both notices to his motion. ECF No. 60-1 at 1-2 (notice to Kirti Mehta); *id.* at 3-4 (notice to Yolanda Mehta).

## II.   Legal Standards

The following sets forth the applicable law and authority regarding the pending motions before the Court. As a general matter, I liberally construe documents filed by *pro se* litigants and afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, despite Mehta's *pro se* status, he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of Nevada. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (*pro se* parties must still comply with rules and case law); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (stating that "*pro se* litigants are not

excused from following court rules" (italics added)).

### A.   Motion for Reconsideration

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). A motion for reconsideration is not an avenue to present arguments already raised; that is, a motion for reconsideration is not a mechanism for an unsuccessful party to reiterate arguments previously presented. *See Maraziti v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995); *Khan v. Fasano*, 194 F.Supp.2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). "In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier." *Glavor v. Shearson Lehman Hutton, Inc.*, 879 F. Supp. 1028, 1033 (N.D. Cal. 1994) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)).

Pursuant to Rule 60(b), reconsideration is appropriate only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b); *see also Kona Enters, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law).

A party can obtain relief under Rule 60(b) only upon an adequate showing of exceptional or extraordinary circumstances. *Maraziti*, 52 F.3d at 254. A Rule 60(b) motion must be filed within a reasonable time: for reasons (1) through (3), that time is not more than one year after the judgment, order, or proceeding was entered. Fed. R. Civ. P. 60(b). Errors of law are

cognizable under Rule 60(b)(1). *Kingvision Pay–Per–View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

This district's local rules regarding civil cases require that any motion for reconsideration "**must state with particularity the points of law or fact that the court has overlooked or misunderstood**. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1 (emphasis added).

### B. *Motions to Amend*

Rule 15 of the Federal Rules of Civil Procedure advises that the Court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)(quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). "[T]he 'rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant. Presumably unskilled in the law, the *pro se* litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel.'" *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)) (italics added).

There are five factors used to assess the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended its pleading. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2011).

The local rule regarding motions to amend the complaint states, "[u]nless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." LR 15-1(a). The proposed amended

1   pleading must be complete in and of itself without reference to the superseded pleading. *Id.*

2           C.   *Motions to Dismiss*

3         The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain

4   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

5   Dismissal is proper if the complaint lacks a "cognizable legal theory" or "sufficient facts alleged

6   under a cognizable legal theory." *Balistreri*, 901 F.2d at 699 (9th Cir. 1988). A pleading must give

7   fair notice of a legally cognizable claim and a plaintiff must proffer "enough facts to state a claim

8   to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "A claim

9   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

10   reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard

11   "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

12         If the court grants a motion to dismiss for failure to state a claim, leave to amend should

13   be granted unless it is clear that the deficiencies of the complaint cannot be cured by

14   amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Fed. R.

15   Civ. P. 15(a), a court should "freely" give leave to amend "when justice so requires," and in the

16   absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant,

17   repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the

18   opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman*

19   *v. Davis*, 371 U.S. 178, 182 (1962).

20   **III.    Analysis**

21         I first deny Mehta's request for oral argument on his motion for reconsideration. I

22   proceed by denying Mehta's motion for reconsideration of my order denying his motion for

23   injunctive relief and his motions to amend the complaint. Next, I grant Defendants' motion to

24   dismiss. Finally, I deny Mehta's motion for Rule 11 sanctions against Defendants.

6

1    *A. Mehta's Motion for Hearing is Denied*

2    I begin by noting that I may decide the matters herein without holding a hearing. *See* Fed.

3 R. Civ. P. 78(b) (stating that the Court may provide for determining motions on briefs, without

4 oral hearings); LR 78-1 (stating that all motions may be decided without a hearing). Mehta's

5 standalone motion for a hearing violates this District's local rules. *See* LR 78-1 ("Parties must not

6 file separate motions requesting a hearing."). Additionally, Mehta's motion attempts to add

7 additional claims against Defendants and possibly introduce a second Plaintiff to the action. *See*

8 ECF No. 60 (describing perceived mistreatment based on the notices of trespass sent from

9 MGM to Mehta and his wife). Despite the defects of Mehta's motion, I considered the

10 arguments therein but deny his request for oral argument. For the reasons described *infra*, Mehta

11 cannot demonstrate any basis in fact or law to obtain reconsideration of my Order denying his

12 requested injunctive relief. Prolonging the specter of such a nationwide injunction prohibiting

13 MGM from operating its casinos would unnecessarily burden Defendants with this litigation.

14 Accordingly, his Motion for Hearing (ECF No. 60) is DENIED.

15    *B. Mehta Does Not Set Forth a Basis for this Court to Reconsider its Prior Order Denying His Motion*

16     *for a Preliminary Injunction and Temporary Restraining Order*

17    Mehta's motion for reconsideration fails to demonstrate any mistake, newly discovered

18 factual circumstance, or intervening law that would suggest I reconsider my prior order. The

19 brief motion for reconsideration asks this Court to reevaluate and reconsider "all motions where

20 casinos are 'getting away with murder,'" and reasserts that the public's interest in injunctive

21 relief is "paramount." ECF No. 49 at 2. Liberally construing the brief motion, the Court

22 interprets Plaintiff's basis for reconsideration as alleging the Court made a mistake in denying

23 his motions for injunctive relief (ECF Nos. 24; 29; 37; 38) and requesting relief under Fed. R. Civ.

24 P. 60(b)(1). However, contrary to the local rules, the motion does not identify with particularity

1  the points of law or fact where the Court was mistaken. *See* LR 59-1. Moreover, and fatal to his
2  motion, Mehta fails to cite to any points and authorities in support of his motion for
3  reconsideration. Local Rule 7-2(a) states that all motions filed in this Court "must be supported
4  by a memorandum of points and authorities," and subsection (d) of the same rule states that the
5  "failure of a moving party to file points and authorities in support of the motion constitutes a
6  consent to the denial of the motion." LR 7-2(a), (d). Even liberally construing Plaintiff's motion,
7  without more information or points and authorities to support thereof, I cannot grant Mehta's
8  request. Mehta's motion for reconsideration (ECF No. 49) is therefore DENIED.

9        *C.   Plaintiff's First Motion to Amend the Complaint Fails to Comply with the Local Rules*

10       While I am to apply the policy of Rule 15 of the Federal Rules of Civil Procedure advising
11  that I grant leave to amend a party's pleadings freely when justice so requires with "extreme
12  liberality," *Owens*, 244 F.3d at 712 (quoting *Morongo*, 893 F.2d at 1079), Mehta has failed to attach
13  an amended complaint to his motion to amend the complaint. *See generally* ECF No. 45. District of
14  Nevada Local Rule 15-1(a) states that "[u]nless the court orders otherwise, the moving party
15  **must** attach the proposed amended pleading to a motion seeking leave of the court to file an
16  amended pleading." LR 15-1(a) (emphasis added). "The proposed amended pleading must be
17  complete in and of itself without reference to the superseded pleading and must include copies
18  of all exhibits referred to in the proposed amended pleading." *Id.* In contravention of that rule,
19  Mehta failed to attach a copy of the proposed amended pleading to his first motion to amend. *See*
20  ECF No. 45. Instead, the motion states that he would like to amend one cause of action to
21  another. *See generally* Proposed Amendments, ECF No. 45-1. Plaintiff's noncompliant motion
22  renders the Court unable to determine whether the proposed amendment is itself permissible,
23  i.e., whether it results from undue delay, is made in bad faith, will cause prejudice to the
24  opposing party, or is a dilatory tactic. Accordingly, Plaintiff's first motion to amend the

1  complaint (ECF No. 45) is DENIED.

2       D.  *Mehta's Second Motion to Amend is Denied*

3       Generally, Plaintiff's second motion to amend (ECF No. 47) seeks to add several new

4  Defendants[4] to already alleged claims for relief and to amend the claims for relief. Plaintiff's

5  Motion openly admits it seeks amendment so that Defendants' motion to dismiss will be

6  mooted. *See* ECF No. 47 at 2, ¶9. Mehta's proposed amended complaint drastically changes the

7  issues facing Defendants in this case. I find that allowing Mehta to add a variety of defendants

8  and claims at this stage would unfairly prejudice Defendants and deny Mehta's motion.

9       However, I am mindful that Rule 15(a) provides that leave to amend "should be freely

10 granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 ... [is]

11 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*,

12 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotation marks omitted). I am also mindful of my

13 duty "to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim

14 due to ignorance of technical procedural requirements." *Balistreri*, 901 F.2d at 699. This Order

15 provides relevant information to Mehta regarding the deficiencies in his pleadings. Denying

16 Plaintiff's motion to amend and dismissing most of Mehta's claims without prejudice will allow

17 Mehta, to the extent he is able, to cure the deficiencies in his pleadings, and if he so chooses, to

18 file an amended complaint. Accordingly, Mehta's Motion to Amend (ECF No. 47) is DENIED

19 without prejudice.

20

21 _____

22       [4] As set forth in Plaintiff's proposed amended complaint, the new Defendants are identified as
   Travis Lunn, the new President of Borgata Casino in Atlantic City, NJ; Niklas Rytterstorm, President and
23 Chief Operating Officer of the Mirage Casino; Brandon Dardeau, President and Chief Operating Officer of
   Beaurivage Casino and Gold Strike Casino; Clive Hawkins, President and Chief Executive Officer of the
24 Aria Casino; Chuck Bowling, President and Chief Executive Officer of Mandalay Bay. *See* ECF No. 47-1 at
   1.

E. *Defendants' Motion to Dismiss is Granted*

Plaintiff alleges six claims for relief in the Complaint: (1) negligence (against Defendants Park MGM and MGM International[5]); (2) willful and wonton [sic] misconduct (against all Defendants[6]); (3) national origin discrimination (against MGM International); (4) violation of the 14th Amendment (against MGM International); (5) retaliation (against MGM International); and (6) emotional stress and distress (against all Defendants). *See* ECF No. 3 (Complaint). Defendants[7] argue that dismissal is appropriate for all causes of action set forth in the complaint. *See generally* ECF No. 9. First, Defendants argue that Plaintiff signed a release that bars him from bringing a cause of action for negligence, and further, that even if the release had not been signed, Plaintiff's negligence claim still fails because Plaintiff impermissibly seeks economic damages. *Id.* at 11-3. Second, Defendants argue that the second claim for relief, titled

---

[5] At the time Defendants filed their Motion to Dismiss, MGM International had not been served. ECF No. 9 at 3. Waiver of service was filed on behalf of Park MGM, LLC; Ann Hoff; London Swinney; William J. Hornbuckle, IV; Joseph A. Corbo, Jr.,; Ryan Guadiz; Marina District Development Company, LLC d/b/a Borgata; Beau Rivage Resorts, d/b/a Beau Rivage, LLC; MGM Resorts Mississippi, LLC, d/b/a Gold Strike Casino Resort. *See* ECF No. 6.

[6] All Defendants are identified in the complaint as: (1) "Beau Rivage Resorts, LLC ("Beau Rivage"), named as Beaurivage Casino. a subsidiary of "MGM International, Inc."; (2) MGM Resorts Mississippi, LLC, d/b/a Gold Strike Casino Resort ("Gold Strike"), named as Gold Strike Casino, a subsidiary of "MGM International, Inc."; (3) Mandalay Bay, LLC d/b/a Mandalay Bay, named as Mandalay Bay Casino, is a subsidiary of "MGM International, Inc."; (4) Park MGM, LLC, f/k/a Victoria Partners, LLC ("Park MGM"), improperly named as Victoria Partner d/b/a Park-MGM, Casino & Hotel Operator' (5) Marina District Development Company, LLC, d/b/a Borgata ("Borgata"), named as Borgata Casino, is a subsidiary of "MGM International, Inc."; (6) President of Park MGM, Ann Hoff; (7) Vice President, Casino Operations at Park MGM, London Swinney; (8) President and CEO of "MGM International Inc., William J. Hornbuckle, IV, named as Bill Hornbucker; (9) Senior Vice President and Legal Counsel with MGM International, Joseph A. Corbo, Jr., named as Joseph A. Carbo, Jr.; and (10) Park MGM Casino Host Ryan Guadiz.

[7] The Court recognizes that the complaint sets forth claims for relief from all Defendants (claims 2 and 6), and claims for relief against only certain Defendants (claims 1, 3, 4, and 5), and further that only Defendants Hornbuckle, Hoff, Swinney, Corbo, Guadiz, Beau Rivage, Gold Strike, Mandalay Bay, Borgata, and Park MGM are parties to the Motion to Dismiss (ECF No. 9). For ease in resolving the dismissal motion, the Court refers to "Defendants" generally but means to include only the specific Defendants identified in the complaint.

"willful and wanton misconduct," is one based in fraud and the complaint fails to meet the heightened pleading requirements set forth in Federal Rule of Civil Procedure 9(b). *Id.* at 13-16. Further, Defendants argue that Mehta's sixth claims also fails because "emotional distress" is a type of damages, not an independent cause of action. *Id.* at 16-17. Last, Defendants argue that the remaining causes of action (the civil rights (national origin) violation, the violation of the 14th Amendment of the U.S. Constitution, and the claim of retaliation) fail because they are alleged against MGM International, Inc., who still has not been served.

Plaintiff filed an opposition to the motion. ECF No. 11. Liberally construing Mehta's opposition, it appears he challenges the authenticity of the release Defendants allege he signed and contends that the release is null and void. *Id.* at 1-2. The opposition also cites cases discussing the court's responsibility to liberally construe *pro se* filings and the standard for amending the complaint. *Id.* at 2-5. Last, the opposition requests this court impose Rule 11 sanctions against Defendants, or, in the alternative, to allow for an amendment to the complaint. *Id.* at 5.

*i.   Negligence Claim Fails Due to Economic Loss Doctrine*

Here, construing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff may have alleged sufficient factual material to state a claim for negligence, but that Defendants' assertion of the economic loss doctrine bars Plaintiff from proceeding.

First, I address Plaintiff's *prima facie* case for negligence. In Nevada, "[i]ssues of negligence are properly resolved by a jury." *Brascia v. Johnson*, 781 P.2d 765, 767 (Nev. 1989). "[T]o prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal–Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).

The existence of a duty is "a question of law to be determined solely by the courts." *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1177 (Nev. 2008). Generally, a premises owner or operator owes entrants a duty to exercise reasonable care. *Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 152 (Nev. 2012). Breach and proximate cause, however, are generally questions of fact for the jury to decide. *Id.* at 153; *Lee v. GNLV Corp.*, 22 P.3d 209, 212 (Nev. 2001). The complaint asserts that Plaintiff was invited to the Park MGM and during his stay, he was overserved alcohol by Park MGM employees, which resulted in damage to him. ECF No. 3 at 7. These allegations suffice to state a claim to relief that is plausible on its face to satisfy the *Iqbal* and *Twombly* standards with respect to the elements of negligence.

Having determined that Mehta has stated a claim upon which relief could be granted, I first address Defendants' argument that the parties entered into a Release Agreement that bars Mehta from bringing the negligence claim in the complaint. "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion...[h]owever, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). "[A] court can consider a document on which the complaint relies if the document is central to the plaintiff's claim, and no party questions the authenticity of the document." *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) (citing *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n. 5 (9th Cir. 2003)); *see also Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) ("If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity...is not contested' and 'the plaintiff's complaint necessarily relies' on them" (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998))). Here, Mehta contests the authenticity of the Release Agreement that Defendants argue bars Mehta's negligence claim. *See* ECF No. 11 at 1-2 (seeming to argue that Mehta's son signed the

1   agreement and claiming MGM can neither produce witnesses to Mehta's signature nor provide

2   video evidence of the signature). Thus, Defendants cannot meet the precondition to the

3   incorporation-by-reference doctrine. Consequently, the Court declines to consider the Release

4   Agreement pursuant to the incorporation-by-reference doctrine and denies Defendants' motion

5   to dismiss the negligence claim based on a Release Agreement the Court cannot properly

6   consider at this time.

7          The Court does however grant Defendants' motion to dismiss the negligence action

8   based on the economic loss doctrine. "Purely economic loss is generally defined as the loss of the

9   benefit of the user's bargain, including pecuniary damage for inadequate value, the cost of repair

10  and replacement of a defective product, or consequent loss of profits, without any claim of

11  personal injury or damage to other property." *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev.

12  2000), *overruled on other grounds by Olson v. Richard*, 89 P.3d 31, 31–33 (Nev. 2004). Nevada applies

13  the economic loss doctrine to bar strict products liability and negligence claims. *Id.* (citing

14  American Law of Products Liability (3d) § 60:39, at 69 (1991) (the economic loss doctrine bars

15  unintentional tort claims when a plaintiff seeks to recover "purely economic losses")); *see also*

16  *Terracon Consultants Western, Inc. v. Mandalay Resort Grp.*, 206 P.3d 81, 86 (Nev. 2009) (stating that

17  generally, the economic loss doctrine bars unintentional tort actions for "purely economic

18  losses"). The economic loss doctrine does not bar actions seeking damages for pecuniary losses

19  that are "accompan[ied by] personal injury or property damage." *Terracon Consultants Western*, 206

20  P.3d at 86 (discussing *Local Joint Executive Bd.*, 651 P.2d 637, 638 (Nev. 1982)). Here, as it relates to

21  the negligence claim, Plaintiff has not alleged any personal injury or injury to property. Instead,

22  he seeks only to recover economic damages, specifically, gaming losses from his play at the Park

23  MGM. *See generally* ECF No. 3 at 8. Defendants' motion to dismiss Mehta's negligence claim is

24  GRANTED pursuant to the economic loss doctrine.

ii.   *Plaintiff's Claim for Relief Titled Willful and Wanton Conduct Fails to Meet Heightened Pleading Standards for Fraud*

Mehta's second claim for relief, titled "willful and wonton [sic] conduct," alleges that legal counsel for Defendants attempted to "deceive and cheat" him, and further that the offer to give Mehta free casino play was "designed to lie, cheat, and deceive players" like him. ECF No. 11 at 10, ¶¶12-13. He further alleges that MGM casinos do not give players the full value of the slot play and do not disclose this fact to its customers. *Id.* at 11, ¶14. Liberally construing the pleading, the Court finds the claim could sound in fraud or it could sound in negligent misrepresentation. Plaintiff did not provide any opposition to Defendants' argument that this claim sounds in fraud. When a claim is said to be "grounded in fraud" or "sound[s] in fraud", the pleading as a whole must satisfy the particularity requirement of Rule 9(b). *Vess v. Ciba−Geigy Corp. USA*, 317 F.3d 1097, 1102, 1103-1104 (9th Cir. 2003). Rule 9(b) demands that the circumstances constituting allegations of fraud "be 'specific enough to give defendants notice of the particular misconduct...so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly−Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)). Stated overwise, allegations of fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). A party alleging fraud must "set forth *more* than the neutral facts necessary to identify the transaction." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superceded by statute on other grounds* (emphasis in original). Plaintiff does not deny that this allegation sounds in fraud. The complaint does not meet the Rule 9(b) pleading requirements. Defendants' motion to dismiss Mehta's "willful and wonton conduct" claim is GRANTED, with leave to amend granted to Mehta.

       *iii. Emotional Distress is Not a Cause of Action*

1     Plaintiff's sixth claim for relief alleges he has been losing sleep and is experiencing

2 financial issues, which Mehta deems "pain and suffering," resulting from the allegations in the

3 complaint. ECF No. 3 at 18. A showing of emotional distress may satisfy the damages element in

4 some circumstances. *S. Nevada Adult Mental Health Servs. v. Brown*, 498 P.3d 1278 (Nev. 2021) (table)

5 (citing *Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995) (recognizing "that the negligent

6 infliction of emotional distress can be an element of the damage sustained by the negligent acts

7 committed directly against the victim-plaintiff")). But "emotional distress" does not stand alone

8 as a cause of action. *S. Nevada Adult Mental Health Servs*, 498 P.3d at 1278. To survive a motion to

9 dismiss for failure to state a claim, Plaintiff must set forth the elements of a cause of action.

10 Plaintiff has not met this requirement. Defendants' motion to dismiss claim six is GRANTED

11 with leave to amend.

       *iv. Plaintiff's Remaining Claims for Relief Fail Based on Lack of Proper*
          *Service*

12     Plaintiff's remaining claims for relief, all alleged against Defendant MGM International,

13 include an allegation of a civil rights violation (third claim for relief), an alleged violation of the

14 14th Amendment to the United States Constitution (fourth claim for relief), and alleged

15 retaliation (fifth claim for relief). Defendants argue that those claims fail as a matter of law

16 because Defendant "MGM International" has not been served. ECF No. 9 at 10-11.

17     While dismissal would not be proper under Rule 12(b)(6) of the Federal Rules of Civil

18 Procedure, dismissal of the third, fourth, and fifth claims is appropriate under Rule 12(b)(5). A

19 party may contest the sufficiency of service of process under Rule 12(b)(5). *See* Fed. R. Civ. P.

20 Rule 12(b)(5). A federal court lacks personal jurisdiction over a defendant if service of process is

21 insufficient. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "Once service is

challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."
*Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "If the plaintiff is unable to satisfy this
burden, the Court has the discretion to either dismiss the action or retain the action and quash
the service of process." *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

Here, Plaintiff did not respond to Defendants' allegation of lack of service and there is no
evidence before the Court that MGM International has been served. Accordingly, dismissal of
the remaining counts is appropriate.

Plaintiff's third cause of action, alleging a civil rights violation, is dismissed without
prejudice with leave to amend. I give leave to amend because while the complaint alleges a
violation of 42 U.S.C. § 1983, which does not prescribe a private right of action,[8] the Court
liberally construes the complaint to allege a civil rights action generally.

Plaintiff's fourth cause of action, alleging a violation of the 14th amendment of the U.S.
Constitution is dismissed with prejudice and without leave to amend. As discussed in the
Court's Order denying Plaintiff's motions for injunctive relief, the U.S. Constitution protects
individual rights only from government action, not from *private* action. *Single Moms, Inc. v. Montana
Power Co.*, 331 F.3d 743, 746 (9th Cir. 2003). Only when the government is responsible for a
plaintiff's complaints are individual constitutional rights implicated. *Brentwood Academy v. Tenn.
Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). So, Defendant cannot violate the plaintiff's
Fourteenth Amendment substantive due process or equal protection rights unless the
government is somehow involved for the activities set forth in Mehta's complaint. Mehta has not
set forth any allegations that the Government is involved with the issues that arose at the Park
MGM in March of 2021, nor could he. Accordingly, this claim for relief is dismissed with

---

[8] *See, e.g., Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (private
entities are generally not liable under Section 1983 because they do not act under color of state law).

prejudice and without leave to amend as amendment would be futile.

The remaining cause of action is retaliation. Liberally construed, the Complaint alleges Defendant violated Section 1981 by retaliating against Plaintiff by not allowing him in or on to MGM Resorts properties anywhere in the world. Section 1981 states that "[a]ll persons…have the same right…to make and enforce contracts…and to the full and equal benefit of all laws…as is enjoyed by white citizens." 42 U.S.C. § 1981. "To state a claim pursuant to section 1981, a plaintiff must allege (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Keum v. Virgin Am., Inc.*, 781 F. Supp. 2d 944, 954 (N.D. Cal. 2011). However, Section 1981 is not "a general proscription of racial discrimination…**it expressly prohibits discrimination only in the making and enforcement of contracts**." *Patterson v. McLean Credit Union*, 491 U.S. 164, 176 (1989) (emphasis added). The complaint does not allege there was a contract (either prospective or enforceable) at issue between Plaintiff and MGM International and therefore this claim for relief fails as a matter of law. Accordingly, this claim for relief is dismissed without prejudice, with leave to amend.

F.  *Plaintiff's Motion for Sanctions is Denied*

Liberally construing Plaintiff's motion, Mehta asks this Court to impose sanctions upon Defendants for opposing Plaintiff's motion to amend the complaint. *See generally* ECF No. 53. An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court "claims, defenses, and other legal contentions … [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" Fed. R. Civ. P. 11(b)(2). The Ninth Circuit has established that the word "frivolous" "to denote a filing that is both baseless and made without a reasonable and competent inquiry." *Moore v. Keegan Mgmt. Co* (*In re Keegan Mgmt. Co., Sec. Litig.*), 78 F.3d 431, 434

(9th Cir. 1996). Plaintiff has not demonstrated that Defendants' opposition was unwarranted or frivolous. Accordingly, Plaintiff's motion for sanctions is DENIED.

## IV.   Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that Defendants Hornbuckle, Hoff, Swinney, Corbo, Guadiz, Beau Rivage, Gold Strike, Mandalay Bay, Borgata, and Park MGM's Motion to Dismiss (ECF No. 9) is GRANTED.

Leave to amend the complaint is granted as set forth in this Order. Mehta has twenty-one (**21) days** from the date of this Order to file a motion to amend his Complaint containing an attachment of his proposed amended Complaint. That Complaint must be consistent with this Order and stand on its own, without reference to the other Complaint or potential amendments. *See* LR 15-1 ("Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading.").

IT IS FURTHER ORDERED that Mehta's first Motion to Amend the Complaint (ECF No. 45) is DENIED without prejudice.

IT IS FURTHER ORDERED that Mehta's second Motion to Amend the Complaint (ECF No. 47) is DENIED without prejudice.

IT IS FURTHER ORDERED that Mehta's Motion for Reconsideration (ECF No. 49) is DENIED.

IT IS FURTHER ORDERED that Mehta's Motion for Sanctions (ECF No. 53) is DENIED.

IT IS FURTHER ORDERED that Mehta's Motion for Hearing (ECF No. 60) is DENIED.

DATED this 2nd day of September, 2022.

_____
Cristina D. Silva
United States District Court Judge