**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

|  |  |
|---|---|
| KIRTI A. MEHTA., | |
| Plaintiff, | 2:21-cv-01493-CDS-VCF |
| vs. | **ORDER** |
| VICTORIA PARTNERS, *et al*, | Plaintiff's Motion for Leave to Amend Complaint [ECF No. 62] |
| Defendants. | |

Judge Silva previously granted the defendant's motion to dismiss. ECF No. 61 at 16. Judge Silva dismissed all of plaintiff's claims without prejudice and with leave to amend, except she dismissed his Fourteenth Amendment claim with prejudice. *Id.* Judge Silva ordered that, "[l]eave to amend the complaint is granted as set forth in this Order." *Id.* Judge Silva also ordered that, "Mehta has twentyone (21) days from the date of this Order to file a motion to amend his Complaint containing an attachment of his proposed amended Complaint." *Id.*

Plaintiff timely filed his motion for leave to amend and attached a copy of his amended complaint. ECF No. 62. I grant plaintiff's motion. Plaintiff has seven days to file the proposed amended complaint.

## I.    Background

Plaintiff seeks leave to file a first amended complaint. Although he did not specify what types of amendments he wanted to make in his motion, he did attach a copy of his proposed amended complaint.

ECF No. 62. The proposed amended complaint brings claims for (1) negligence; (2) fraud; (3) discrimination; (4) "disclosure violation"; (5) retaliation; and (6) emotional distress. ECF No. 62-1. The defendants argue in their opposition that plaintiff's claims in the amended complaint are meritless and "futile." ECF No. 63. Plaintiff argues in his reply that his claims comply with Judge Silva's order. ECF No. 64.

## II.    Discussion

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp*., 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc*., 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig*., 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

Plaintiff's proposed amendment is not made in bad faith or for the purpose of undue delay because it is still early in the case. Also Judge Silva already specifically granted plaintiff leave to amend his claims. See generally Judge Silva's Order. The defendants will not be prejudiced by the amendment because the factual allegations are closely related to the claims in the original complaint. Defendant argues that "disclosure violation" claim is a rehash of his Fourteenth Amendment claim that Judge Silva

dismissed with prejudice. Reading his complaint liberally however, plaintiff may be attempting to bring a misrepresentation claim. Although plaintiff mentions the Fourteen Amendment in his recitation of the allegations, he does not bring it as a separate claim as he did in his previous complaint. Judge Silva also noted in her order that, "[l]iberally construing the pleading, the Court finds the claim could sound in fraud or it could sound in negligent misrepresentation." ECF No. 61 at 14. The defendants' futility arguments would be better addressed through a motion to dismiss or for summary judgment, given that the new claims and allegations reasonably related to plaintiff's original claims. Plaintiff has shown good cause to amend the complaint.

Accordingly,

I ORDER that plaintiff 's motion for leave to amend its complaint (ECF No. 62) is GRANTED.

I FURTHER ORDER that plaintiff Mehta has until October 13, 2022, to file his amended complaint on the docket.

IT IS SO ORDERED.

DATED this 6th day of October 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

3