UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kirti A. Mehta,<br><br>              Plaintiff<br><br>    v.<br><br>Victoria Partners, et al.,<br><br>              Defendants | Case No. 2:21-cv-01493-CDS-VCF<br><br>**Order Denying Plaintiff's Motions and Closing Case**<br><br>[ECF Nos. 93, 94, 95, and 97] |

On January 17, 2023, I issued an order granting defendants' motion to dismiss[1] wherein I ordered plaintiff to file, no later than February 17, 2023, a response explaining his failure to serve the newly added defendants ("new defendants") to his first amended complaint. ECF No. 91 at 12–13. I further ordered him to address if and how there was good cause to extend time for service. *Id.* at 15. Last, I ordered plaintiff to show cause why the new defendants should not also be dismissed for Mehta's failure to state claims against them. *Id.*

Shortly after issuing that order, Mehta filed a response that neither provided an explanation for failing not serve the newly added defendants, nor addressed why this action should be dismissed for failing to state a claim. *See generally* ECF No. 92. Instead, the filing makes unsupported allegations against opposing counsel and includes a request to file a second amended complaint.[2] *Id.* at 2. Plaintiff also filed a motion to vacate (ECF No. 93), a motion for sanctions (ECF No. 95), and an amended motion for sanctions (ECF No. 97). I address each pending filing herein.

---

[1] That order also dismissed several other motions as moot.

[2] Mehta then filed a motion for leave to file a second amended complaint on January 31, 2023 (ECF No. 94).

I. Discussion

Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal when there is insufficient service of process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as defendant.") (citations omitted). Service of process is a procedural requirement that must be met before because this court may exercise personal jurisdiction over a defendant. *Strong v. Countrywide Home Loans, Inc.*, 700 Fed. App'x 664, 667 (9th Cir. 2017) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Service is to be provided pursuant to the law of the forum state.[3] Fed. R. Civ. P. 4(e)(1). Ordinarily, services of a summons and complaint on a named party must occur within 90 days of the date a complaint is filed. Fed. R. Civ. P. 4(m). When service of process occurs within the United States, proof of service must be made to the court by the server's affidavit. Fed. R. Civ. P. 4(l)(1). A party may serve all other court "papers" via multiple delivery methods, including regular mail, personal delivery, and electronic means such as the court's electronic filing system. Fed. R. Civ. P. 5(a), (b). The Rules require a party to show proof of service for all other court documents through a "certificate of service." Fed. R. Civ. P. 5(d).

District courts have broad discretion to either dismiss an action entirely for failure to effectuate service or to quash the defective service and permit re-service. *See SHJ v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). Here, the court has instructed the plaintiff of the failure to effectuate service on certain defendants two times (ECF No. 61 at 15–17; ECF No. 91 at 12–13). Plaintiff has not corrected or attempted to correct service, nor has plaintiff provided any explanation regarding why he has not properly served the defendants. Instead, he has only provided copies of envelopes showing he has mailed dockets to attorney Jason Sifers. ECF Nos. 92-2, 92-3, 92-4. One exhibit, 92-4, states that it was returned to sender.

---

[3] The Nevada Rules of Civil Procedure provide that "[s]ervice upon the United States and its agencies, corporations, officers, or employees may be made as provided by Rule 4 of the Federal Rules of Civil Procedure." NRCP 4.3(5).

1       Service by mail is not permitted under Nevada or federal law. *Vaughn v. Nash*, 2018 WL
2 6055552, at *3 (D. Nev. Oct. 29, 2018); *Campbell v. Gasper*, 102 F.R.D. 159, 161 (D. Nev. May 18,
3 1984) (citation omitted) ("Service by mail, even if actually effected, does not constitute personal
4 service."); *see also* Fed. R. Civ. P. 4(e); NRCP 4.2. Where service of process is insufficient, the
5 district court has discretion to dismiss the action or to quash service. *S.J. Issaquah Sch. Dist. No. 411*,
6 470 F.3d at 1293. However, "[d]ismissal of a complaint is inappropriate when there exists a
7 reasonable prospect that service may yet be obtained." *Id.* (citation omitted). Finding no
8 reasonable prospect that Mehta serves the new defendants within the time limits permitted by
9 the federal rules of civil procedure, I hereby dismiss plaintiff's amended complaint for failing to
10 effectuate service.

11       I also deny plaintiff's motion for leave to file a second amended complaint (ECF No. 94).
12 Federal Rule of Civil Procedure 15 states that "the court should freely give leave [to amend
13 pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). To determine whether justice
14 requires leave to amend, the court considers: (1) the presence or absence of undue delay, (2) bad
15 faith, (3) dilatory motive, (4) "repeated failure to cure deficiencies" in previous amendments, and
16 (5) futility of the amendment. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)
17 (citing *Foman v. Davis*, 371 U.S. 178, 181, 83 (1962)). "Unless it is absolutely clear that no
18 amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's
19 deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l*
20 *Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th
21 Cir. 1995)). Here, plaintiff has repeatedly failed to cure deficiencies in his pleadings and as failed
22 to effectuate service within the timeframe proscribed by the Federal Rules of Civil Procedure,
23 and after providing him time to explain why service as not been perfected. I find amendment to
24 the complaint would be futile. Further, plaintiff's motion to amend fails to address why he
25 should be permitted to file an amended complaint at this juncture; there is no explanation for
26 the delay in seeking amendment. Accordingly, plaintiff's motion to amend (ECF No. 94) is

denied.

I also deny plaintiff's motion to vacate (ECF No. 93), which I liberally construe as a motion for reconsideration of my order denying plaintiff's motion for declaratory judgment and granting defendant's motion to dismiss.[4] ECF No. 91. Motions for reconsideration are "highly disfavored," LR 59-1, and "should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where the district court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." LR 59-1; *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Although the court enjoys discretion in granting or denying a motion under this rule, "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted). Even liberally construing plaintiff's motion, he does not provide points and authorities to support the request the relief he seeks. *See* LR 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."). Consequently, plaintiff's motion to vacate (ECF No. 93) is denied.

Last, plaintiff has failed a motion for sanctions (ECF No. 95) and an amended motion for sanctions (ECF No. 97). Mehta asks this court to impose sanctions upon Jason Sifers, including

---

[4] The motion also includes a request that this case be reassigned because plaintiff believes there is a conflict. ECF No. 93 at 5. I liberally construe the request as a motion for recusal. A judge of the United States shall disqualify herself from a proceeding in which her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge of the United States shall disqualify herself under circumstances in which she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Normally, a judge should not be recused when the only basis for the recusal motion is that the judge made adverse rulings in the case where the party seeks the judge's disqualification. *Liteky v. U.S.*, 510 U.S. 540, 555 (1994); *In re Marshall*, 721 F.3d 1032, 1041 (9th Cir. 2013); *see also United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (Section 455(a) is "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed[,] or statements made by the judge during the course of [proceedings]."). Plaintiff's request that I recuse myself from this action is based in his disagreement with my rulings in this case. This is an insufficient basis for recusal. Mehta's request for recusal is denied.

a request to revoke his bar license, for not waiving service of process, filing motions to dismiss, filing responses to plaintiff's motions, and other allegations. *See generally* ECF Nos. 95, 97. As I previously noted (*see* ECF No. 61 at 17-18), an attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court "claims, defenses, and other legal contentions … [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" Fed. R. Civ. P. 11(b)(2). The Ninth Circuit has established that the word "frivolous" "to denote a filing that is both baseless and made without a reasonable and competent inquiry." *Moore v. Keegan Mgmt. Co.* (*In re Keegan Mgmt. Co., Sec. Litig.*), 78 F.3d 431, 434 (9th Cir. 1996). Plaintiff's motion is comprised of unsupported allegations, and further Mehta fails to demonstrate that defendants' filings were unwarranted or frivolous. Accordingly, plaintiff's motions for sanctions (ECF Nos. 95, 97) are DENIED.

## II.  Conclusion

IT IS HEREBY ORDERED that this action is dismissed, with prejudice, against all unserved defendants.

IT IS FURTHER ORDERED that plaintiff's motion to vacate **(ECF No. 93) is DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions **(ECF Nos. 95, 97) are DENIED.**

IT IS FURTHER ORDERED that plaintiff's motion for leave to file a second amended complaint **(ECF No. 94) is DENIED**.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

DATED: February 6, 2023

_____
Cristina D. Silva
United States District Judge