UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kirti A. Mehta,<br><br>        Plaintiff<br><br>v.<br><br>Victoria Partners, et al.,<br><br>        Defendants | Case No. 2:21-cv-01493-CDS-VCF<br><br>**Order Granting in Part Defendants' Motion for Attorneys' Fees and Costs & Amending Judgment for Award of Fees and Costs**<br><br>[ECF No. 103] |

The defendants move for attorneys' fees and costs in this matter, following my dismissal of plaintiff Kirti A. Mehta's first-amended complaint with prejudice in January 2023. The deadline for Mehta's response was March 3, 2023, and through the date of this order, Mehta has yet to file any opposition to the defendants' request. I find that the defendants have met their burden to support an award of attorneys' fees, but I also apply a 50% reduction to the requested award based on the factors I must consider under Nevada law. I thus grant the defendants' motion in part and instruct the Clerk of Court to amend the judgment as instructed at the end of this order.

I.    **Discussion**

The defendants argue that the contract at the heart of this lawsuit—signed by Mehta as well as a representative for the defendants—expressly authorizes attorneys' fees. ECF No. 103 at 6. Prior to bringing this suit, Mehta signed a "General Release Agreement" binding himself and the MGM defendants. ECF No. 103-2. It states, "[i]f any legal action or other proceeding is brought by any of the Parties hereto relating to this Agreement or to recover damages or equitable relief for a breach or threatened breach thereof, the prevailing party shall recover its costs and reasonable attorneys' fees incurred[.]" *Id.* at 2. Mehta brought this suit to recover damages for an alleged breach of that agreement, but I dismissed his complaint with prejudice after finding that he failed to state a legally cognizable claim. Amended Order, ECF No. 102.

Under the American Rule, each party in litigation bears its own attorneys' fees in the absence of some rule, statute, or contract authorizing an award of fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *see also Frank Settlemeyer & Sons, Inc. v. Smith & Harmer, Ltd.*, 197 P.3d 1051, 1060 (Nev. 2008) (stating that Nevada follows the same rule). In Nevada, "[p]arties are free to provide for attorney fees by express contractual provisions." *Davis v. Beling*, 278 P.3d 501, 515 (Nev. 2012) (citing *Musso v. Binick*, 764 P.2d 477 (Nev. 1988)). When, as here, the attorneys' fees provision is "clear and unambiguous . . . the contract will be enforced as written." *Id.* (citing *Ellison v. C.S.A.A.*, 797 P.2d 975, 977 (Nev. 1990)). Thus, because the defendants successfully defended against Mehta's claims and are the prevailing party, the clear language of the parties' agreement permits the defendants to recover their costs and reasonable attorneys' fees incurred in defense of Mehta's claims. The defendants request costs of $54.73 and fees of $33,320, together totaling $33,374.73.[1] ECF No. 103 at 8. I now examine the reasonableness of their request.

"The lodestar method is the required starting point when determining reasonable-fee awards and is calculated by 'multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Branch-Noto v. Sisolak*, 618 F. Supp. 3d 990, 994 (D. Nev. 2022) (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)). Requests for attorneys' fees must also meet the requirements of the local rules of this district, which require any application to include an attorney affidavit, a reasonable itemization and description of the work performed, and a brief summary of 13 categories of information designed

---

[1] The defendants' request for attorneys' fees varies, as in the body of their motion, they state that "Park MGM, LLC seeks reimbursement of a total of $33,320.00 in attorneys' fees," ECF No. 103 at 8:23, but the introduction and conclusion of their motion both list $35,070 in attorneys' fees (after the $54.73 in costs is subtracted). *Id.* at 2:2, 12:13. The affidavit accompanying the motion does not clarify the exact request, as counsel "estimate[s] that the defense attorneys spen[t] *at least* 95.2 hours defending this action," but also calculates the award based on a multiplication of 100.2 hours at $350/hour. ECF No. 103-1 at 3. As far as I can tell, the discrepancy between the requests directly reflects counsel's equivocation regarding the number of hours worked. The difference between $35,070 and $33,320 is $1,750. The difference between "*at least* 95.2 hours" and "100.2 hours" is—at most—five hours. $1,750 divided by the five hours gives the stated hourly rate of $350/hour. Because it would be unfair to hold Mehta accountable for defense counsel's imprecision regarding the hours that the team worked, I consider the lower of the two requests as the requested figure.

to elicit more information about the case and the work that the attorney(s) performed. LR 54(a)–(b). After calculating a lodestar figure, the court may review the reasonableness of the award under the factors adopted by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d 67, 70 (9th Cir. 1975). Although lodestar figures are presumed reasonable, district courts have discretion to decrease them. *Hensley*, 461 U.S. at 434–37.

I have reviewed the defendants' motion, the declaration of the defendants' counsel, the exhibits demonstrating the work performed and the associated hourly rates, and relevant hourly rates across similar cases in this district. The defendants had three in-house attorneys that worked "*at least* 95.2 hours" on this matter. *See supra* n.1 (describing the discrepancy in reported hours worked). The defendants request an hourly rate of $350 for each of the three attorneys. ECF No. 103-1 at 2–3. But courts in this district "have cut initial lodestar figures by up to 70% in cases that were not particularly difficult to litigate." *Balik v. County of Ventura*, 2022 WL 2340850, at *2 (D. Nev. June 29, 2022) (citing *Cervantes v. Emerald Cascade Rest. Sys., Inc.*, 2013 WL 3878692, at *10 (D. Nev. July 25, 2013)). Here, because the questions presented by Mehta's lawsuit were not novel and the nature of this case did not require "significant or specialized skills 'to perform the legal service properly,'" *id.* (quoting *Kerr*, 526 F.3d at 70), I find that a 40% reduction in the lodestar figure is appropriate. I arrive at this percentage by lowering the rates sought by defense counsel to $250 per hour from their requested rate of $350 per hour. Defense counsel is salaried and thus has estimated an appropriate billing rate, but my adjustment to their proposal falls in line with prevailing rates in Las Vegas. *Balik*, 2022 WL 2340850, at *2 ("For the Las Vegas market, this court has regularly awarded fees where the hourly rates at issue were between $250

and $400."); *see also Scott v. Smith's Food & Drug Ctr., Inc.*, 2020 WL 343642, at *2 (D. Nev. Jan. 21, 2020) (collecting cases). I thus award the defendants 60% of their requested $33,320 in attorneys' fees, or $19,992. I also award their requested delivery and postage costs of $54.73. The award in total equals $20,046.73.

Finally, "the [c]ourt has broad discretion to determine the allocation of attorney[s'] fees and costs among multiple defendants." *Cook Prods., LLC v. Szerlip*, 2017 WL 4883220, at *5 (D. Haw. Oct. 30, 2017) (citing *Koster v. Perales*, 903 F.2d 131, 139 (2d Cir. 1990)). In doing so, "a district court 'should make every effort to achieve the most fair and sensible solution that is possible.'" *Id.* (quoting *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 960 (1st Cir. 1984)). Defense counsel represents that the members of the litigation team working on this case were all employed as in-house attorneys for MGM Resorts International, the parent company of defendant Park MGM, and that Park MGM paid the salaries of each of the attorneys involved in the defense of this action. ECF No. 103-1 at 2. Because Park MGM bore all of the weight of defending this action, I allocate the entirety of the attorneys' fees and costs award to Park MGM. This allocation seems fair and sensible, and also aligns with the relief requested by the defendants. *See id.* ("I am making this Declaration in support of the Motion . . . for Park MGM, LLC."); ECF No. 103 at 8 ("Park MGM, LLC seeks reimbursement . . .").

## II.  Conclusion

IT IS HEREBY ORDERED that the defendants' motion for attorneys' fees and costs [ECF No. 103] is GRANTED in part. I award Park MGM, LLC $20,046.73 in attorneys' fees and costs against the plaintiff. The Clerk of Court is instructed to amend the judgment to reflect this award.

DATED: June 27, 2023

_____
Cristina D. Silva
United States District Judge